FILED

October 28, 2016

TN COURT OF
WORKERS'
COMPENSATION
CLAIMS

Time: 8:20 A.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | | |
|---|---|---|
| **HERMAN LYN GRAY,** | ) | **Docket No.: 2016-07-0467** |
| **Employee,** | ) | |
| **v.** | ) | **State File Number: 52273-2016** |
| | ) | |
| **PAGE SPREADING AND** | ) | **Judge Allen Phillips** |
| **TRUCKING,** | ) | |
| **Employer.** | ) | |

## EXPEDITED HEARING ORDER DENYING MEDICAL AND
## TEMPORARY DISABILITY BENEFITS

This matter came before the undersigned Workers' Compensation Judge on October 19, 2016, upon the Request for Expedited Hearing filed by Herman Gray pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Gray seeks medical and temporary disability benefits for an injury that occurred on April 25, 2016. Mr. Gray also contends Page Trucking was an uninsured employer. Accordingly, the central legal issues are Mr. Gray's entitlement to medical and/or temporary disability benefits, and whether Page Trucking was an uninsured employer. For the following reasons, the Court holds Mr. Gray is not entitled to the requested benefits. The Court further finds that Page Trucking was an uninsured employer.[1]

### History of Claim

Mr. King is a fifty-eight-year-old resident of Obion County, Tennessee. He worked for Page Trucking as a truck driver.

Mr. Gray, at the hearing and in an investigative report completed by the Bureau,[2] described an injury when a rope he was pulling "broke," causing him to fall to the ground

---

[1] The Court has attached a complete listing of the technical record and exhibits admitted at the Expedited Hearing to this Order as an appendix.

[2] The Bureau conducted an "Expedited Request for Investigation Report" for purposes of a potential claim against the Uninsured Employer's Fund. The Court admitted the report of that investigation as a business record of the Bureau.

1

and strike his right shoulder. The rope was attached to a tarp covering an open-top trailer that had just been loaded with sawdust at a location in Cape Girardeau, Missouri.[3]

At the hearing, Mr. Gray stated his injury actually occurred earlier than the April 25, 2016 date he alleged in the Petition for Benefit Determination (PBD). However, he could not remember the exact date (recalling only "the first [week of April] or something like that"), the day of the week on which it occurred ("Tuesday or Wednesday"), or at what time of day ("way in the night"). Mr. Gray also contended, at the hearing and in the investigative report, that another driver for Page Trucking, known to him only as "Bubba," had just loaded and departed the area. He called Bubba to advise he could not drive because of the pain from the injury and to ask for a ride, but Bubba advised he was already "part of the way home." Mr. Gray testified he managed to drive the truck left-handed.

According to the Bureau's investigative report, Mr. Gray reported the injury on April 27, 2016. Though he reported to Trea Page, one of the owners of Page Trucking, that his shoulder was hurting, it was unclear, both in the investigation report and at the hearing, if he conveyed to Mr. Page that he was reporting a work-related injury. For his part, Mr. Page testified Mr. Gray reported on April 27, 2016, that his shoulder was hurting. He advised Mr. Gray to go to his personal physician and take "a couple of days off." Mr. Gray testified he went to Allcare Medical in Troy, Tennessee, his personal physician, and was referred to Baptist Hospital in Union City, Tennessee for x-rays. Hospital staff advised him that his claim "was denied." He has received no other medical evaluation. Mr. Gray testified he has not returned to work and suffers from pain that affects his everyday activities. The Court noted he held his right arm in a fixed position as if to avoid painful movement and that he grimaced and groaned when moving about the courtroom.

The only medical record placed into evidence, an x-ray report sent to Mr. Page from the hospital, indicated Mr. Gray had normal shoulder x-rays on April 28, 2016. (Ex. 3.) Medical bills from Allcare Medical and the hospital, totaling $794, indicated dates of service of April 27 and April 28, respectively. (Ex. 1.)

Mr. Page testified that, on the date in question, Mr. Gray's truck was the only truck owned by Page scheduled to be loaded at the Cape Girardeau location. Hence, he questioned Mr. Gray's account that another truck had just left the location. Additionally, Mr. Page's GPS records did not support his allegations regarding either his location or the time he was there. Mr. Page further testified that "Bubba," who Mr. Gray asserted was an eyewitness, ceased to be employed by Page Trucking as of February 2016, and could not have witnessed any alleged injury. Finally, Mr. Page noted another Page

---

[3] Page Trucking is engaged in the business of selling sawdust and wood products for use in the hardwood flooring industry. Page Trucking used the trailer in question to haul sawdust. This required covering the trailer with a tarp.

Trucking employee, James Green, advised him that Mr. Gray had asked Mr. Green to testify he saw the accident. According to Mr. Page, Mr. Green refused to falsely testify. Mr. Gray offered no rebuttal to any of Mr. Page's testimony when the Court explained the procedure to do so.

Mr. Page admitted that Page Trucking did not have workers' compensation insurance in April 2016, but he knew the company was required to have coverage. Over the years, Page Trucking routinely had fewer than five employees; thus, it often did not require coverage. However, Mr. Page admitted that any failure to obtain coverage was a mistake on the part of the company. He did "want to make it right" and stated he was "more than happy" to pay Mr. Gray's bills to date. Mr. Page testified that Page Trucking has an "occupational policy" that may cover Mr. Gray's bills, but he had been unable to contact Mr. Gray prior to the hearing. Despite these concessions, he expressed "concerns" regarding Mr. Page's version of the events and questioned the severity of any alleged injury.

Mr. Gray testified he used April 25, 2016, as the injury date on his Petition for Benefit Determination (PBD) because a Page Trucking office employee told him to do so. The basis for changing the date of injury, according to Mr. Gray, was an attempt by Page Trucking to bring him within workers' compensation coverage of another entity with common ownership, Tennessee Hardwood Pellets. Mr. Page explained that Tennessee Hardwood owned the trailer Mr. Gray operated in April 2016, and Mr. Page thought Mr. Gray might have been able to receive benefits under Tennessee Hardwood's workers' compensation policy. However, the parties learned in early May 2016 that the policy covering Tennessee Hardwood had lapsed approximately one week earlier. Mr. Gray testified he later received a "postcard" from "the State" after the claim was denied but, he could not elaborate regarding the specific information contained in the postcard. Receipt of the postcard allegedly prompted him to file the PBD.

On July 12, 2016, Mr. Gray filed his PBD, which he stated was completed by his sister. The description of injury in the PBD matches Mr. Gray's description of injury at the hearing, and the date of injury is listed as April 25, 2016. Under the heading "Identify the problem you are having," are written the words, "Employer claimed I worked for Tennessee Pellets but my check stub [sic] are from Paige [sic] Spreading and Trucking." In the blank on the PBD asking for the "Insurance Company," in a different hand than the other areas, someone wrote, "No coverage-RFI[4] done." (T.R. 1 at 2.)

Following the filing of the PBD, the Bureau prepared an "Expedited Request for Investigation Report." The Bureau's investigator interviewed Mr. Gray and Mr. Page. He confirmed that Page Trucking was uninsured, that Mr. Gray was a Tennessee resident, and that the injury occurred as described on April 25, 2016. Mr. Page also told the

---

[4] In context, "RFI" refers to "Request for Investigation."

investigator that he noted there was no damage to the trailer in question after the alleged event, and that Mr. Gray's inquiry to him, at some time after the hospital visit, as to whether he could "draw anything off of this" caused him to question the injury.

When the parties could not resolve the dispute, the mediating specialist issued a Dispute Certification Notice and a Request for Expedited Hearing followed.

### Findings of Fact and Conclusions of Law

*Standard applied*

At this Expedited Hearing, Mr. Gray need not prove every element of his claim by a preponderance of the evidence but, instead, must come forward with sufficient evidence from which the Court can determine he would likely prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). This lesser evidentiary standard does not relieve Mr. Gray of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

*Causation*

To be compensable, an injury occurring after July 1, 2014, must result from a "specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14)(A) (2015). An injury "arises primarily out of and in the course and scope of employment" only if it contributed more than fifty percent in causing the injury, considering all causes, as shown to a reasonable degree of medical certainty. Tenn. Code Ann. § 50-6-102(14)(B) and (C) (2015). However, Mr. Gray has yet to have a complete medical evaluation to be able to establish causation. Accordingly, the Court looks to whether he has come forward with sufficient evidence to entitle him to any further medical evaluation. *See McCord*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *10-11. For the following reasons, the Court holds Mr. Gray has not come forward with such evidence under the relaxed standard of an Expedited Hearing.

First, the scant medical evidence works against Mr. Gray. The lone note and the medical bills establish that he was at his physician's office on April 27, 2016, and was at the hospital for x-rays on April 28, 2016. Hence, consistent with Mr. Page's testimony and Mr. Gray's original history, the evidence establishes the date of alleged injury is April 25, 2016, and not some other date.

4

Second, the Court also does not find credible Mr. Gray's testimony at the hearing that he was not hurt on April 25, 2016, but earlier in the month. He contended the April 25 date was used because a Page Trucking employee told him to change the date of injury in an attempt to bring him within the policy coverage of another entity. However, the Bureau's investigator noted that Mr. Gray reported he was injured on April 25, 2016, and that he first sought medical attention two days later. The Court cannot find a basis for Mr. Gray to change his date of injury unless it was an ill-fated attempt to cover the inconsistencies noted by Mr. Page. Further, Mr. Gray's testimony regarding the details of an earlier injury date is inadequate. He cannot point to the date of any injury in early April, the day of the week it occurred, or the precise time of day it occurred. Such lack of memory does not comport with an individual who remains unable to work because of an alleged event some six months earlier and who purportedly is in such pain as to grimace and groan when moving about the courtroom.

For his part, though he "wants to make it right," Mr. Page expressed "concerns" regarding Mr. Gray's alleged injury. The Court shares those concerns. Namely, Mr. Page testified convincingly that he reviewed GPS records of his trucks and found no other Page Trucking vehicle was present at Cape Girardeau on April 25, 2016, at the time of injury. Even without GPS records, Mr. Page knew Mr. Gray was the only driver assigned to the particular route in question. Beyond this logistical inconsistency, the Court finds convincing Mr. Page's testimony that another driver who Mr. Gray purported to be a witness had not worked for Page Trucking for several months and that another employee expressed concerns about being asked to falsify testimony. Mr. Page was able to specifically name the individuals and provide details. These facts militate against Mr. Gray's version of the facts. The Court also finds it compelling that Mr. Page advised the Bureau's investigator that he did not find a broken rope on the trailer in question. Mr. Page's desire to "make it right," in context, appears to be nothing more than a benevolent gesture on his part as opposed to a legal obligation.

Taken in its totality, the Court finds Mr. Gray has not come forward with sufficient evidence to show he is likely to prevail at a hearing on the merits on the dispositive issue of whether he sustained an injury arising primarily out of and in the course and scope of his employment with Page Trucking. The Court also holds that Page Trucking was uninsured at the time of the alleged injury on April 25, 2016. However, there is no evidence that the Bureau was aware of the uninsured status until the filing of the PBD on July 12, 2016. Given these holdings, the Court need not address the issues of Mr. Gray's entitlement to medical and temporary benefits or the criteria required for a claim against the Uninsured Employer's Fund.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Gray's claim against Page Trucking for medical and temporary disability benefits is denied at this time.

2. The Court finds Page Trucking was an uninsured employer but there is no evidence that the Bureau was aware of its uninsured status within sixty days of the alleged injury.

3. This matter is set for an Initial (Status) Hearing on **Tuesday, January 17, 2017, at 11:30 a.m. Central time.**

**ENTERED this the 28th day of October, 2016.**

_____

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

Status Hearing:

A Status Hearing has been set with **Judge Allen Phillips, Court of Workers' Compensation Claims. You must call 731-422-5263 or toll-free at 855-543-5038 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk _within seven business days_ of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Medical bills of Baptist Hospital-Union City and Allcare Medical;
2. Bureau's "Expedited Request for Investigation Report"; and
3. X-ray report from Baptist Hospital.

Technical record:
1. Petition for Benefit Determination;
2. Dispute Certification Notice;
3. Request for Expedited Hearing; and
4. "Order Denying File Review Expedited Hearing."

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of October, 2016.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|----------------|------------------|-----------|------------------|
| Herman Gray, Self-Represented Employee | X | X | | 213 So. Mary Jane St., Troy, TN 38260 |
| Trae Page, Self-Represented Uninsured Employer | | X | X | Trae.page82@gmail.com 664 Morella Rd., Kenton, TN 38233 |

_Penny Shrum_

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8